# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **NYLA FOSTER, et al.,**<br><br>　Plaintiffs,<br><br>v.<br><br>**JEFF ANDERSEN, in his official capacity as Secretary of the Kansas Department of Health and Environment, et al.,**<br><br>　Defendants. | Case No. 18-2552-DDC-KGG |

### MEMORANDUM AND ORDER DIRECTING THE PARTIES TO CONFER ABOUT PLAINTIFF C.K.'S REQUEST TO PROCEED PSEUDONYMOUSLY

On October 15, 2018, plaintiffs filed the Complaint in this case asserting claims under 42 U.S.C. § 1983. All plaintiffs, except C.K., have filed this lawsuit using their full names. The same day plaintiffs filed their Complaint, plaintiff C.K. filed a Motion to Proceed Pseudonymously. Doc. 4. On October 31, 2018, the court granted plaintiff C.K.'s Motion as an administrative matter. Doc. 14. But the court never decided on the merits whether plaintiff C.K. has met his burden of demonstrating that "the need for anonymity outweighs the presumption in favor of open court proceedings." *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC-GEB, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018). The Tenth Circuit has recognized that a litigant may satisfy this burden and proceed pseudonymously only in exceptional circumstances, including (1) matters of a highly sensitive and personal nature, (2) real danger of physical harm, or (3) where the disclosure would cause the party to sustain the injury that the litigation seeks to avert. *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006).

Plaintiff C.K.'s Motion to Proceed Pseudonymously asserted that he qualifies for one or more of the Tenth Circuit's exceptions permitting a litigant to proceed by pseudonym. When plaintiff C.K. filed his motion, plaintiffs had not yet served defendants with the lawsuit. Thus, defendants never have provided their position on plaintiff C.K.'s request to proceed pseudonymously. Since then, defendants have appeared in the case, filing an Answer on December 12, 2018. Doc. 18.

Now that defendants have appeared in the case, the court believes it must revisit plaintiff's C.K.'s request to proceed pseudonymously and determine whether plaintiff C.K. satisfies the Tenth Circuit's exceptions for litigating a lawsuit by pseudonym. To that end, the court orders the parties to confer about plaintiff C.K.'s request. If defendants do not object to the request, the parties must inform the court of defendant's position by sending an email to ksd_crabtree_chambers@ksd.uscourts.gov **on or before January 11, 2019.** This communication should identify the particular exception that, under the parties' agreement, this case meets.

If defendants oppose plaintiff C.K.'s request to proceed pseudonymously, the court orders defendants to file a brief explaining their position **on or before January 11, 2019.** Plaintiff C.K. may submit a reply brief **on or before January 18, 2019.**

**IT IS SO ORDERED**.

**Dated this 18th day of December, 2018, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
