IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NYLA FOSTER, et al.,

    Plaintiffs,

v.

JEFF ANDERSEN, in his official capacity
as Secretary of the Kansas Department of
Health and Environment, et al.,

    Defendants.

Case No. 18-2552-DDC-KGG

## MEMORANDUM AND ORDER

The same day that plaintiffs filed this lawsuit asserting 42 U.S.C. § 1983 claims, one of the plaintiffs—C.K.—filed a Motion to Proceed Pseudonymously. Doc. 4. On October 31, 2018—before defendants had appeared in the case—the court granted plaintiff C.K.'s motion as an administrative matter. Doc. 14. But the court never has decided, on the merits, whether plaintiff C.K. has met his burden of demonstrating that "the need for anonymity outweighs the presumption in favor of open court proceedings." *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC-GEB, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018).

On December 18, 2018, the court advised the parties that it intended to revisit plaintiff C.K.'s request to proceed pseudonymously (now that defendants have appeared in the case) so that the court can determine whether plaintiff C.K. satisfies the Tenth Circuit's exceptions for litigating a lawsuit by pseudonym. Doc. 19. The court thus ordered defendants to file any opposition to plaintiff C.K.'s request by January 11, 2019. That deadline has passed, and defendants have made no filing. The court thus considers plaintiff C.K.'s request to proceed

pseudonymously uncontested. Also, the court finds that plaintiff C.K. has satisfied the Tenth Circuit's standard for proceeding pseudonymously, as explained below.

## I. Legal Standard

Allowing an adult party to proceed under a pseudonym in federal court is, by all accounts, an unusual procedure. *Doe v. USD No. 237*, No. 16-2801-JWL-TJJ, 2017 WL 3839416, at *10 (D. Kan. Sept. 1, 2017). Indeed, the Federal Rules of Civil Procedure require that complaints recite the real names of all real parties in interest. *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006) (citing Fed. R. Civ. P. 10(a) & 17). And, as the Tenth Circuit recognizes, "there is a substantial benefit to maintaining open court proceedings." *Id.* So, "the public has an interest in knowing the identity of litigants." *Id.*

But, the Tenth Circuit also recognizes that, in certain "exceptional circumstances," the need for anonymity outweighs the presumption favoring open court proceedings. *Id.* (citing *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000)). Such exceptional circumstances include: (1) matters of a highly sensitive and personal nature, (2) real danger of physical harm, or (3) where the disclosure would cause the party to sustain the injury that the litigation seeks to avert. *Id.* (citing *Femedeer*, 227 F.3d at 1246).

## II. Analysis

C.K. is a transgender man who was born in Kansas and now lives in Oklahoma. He brings this lawsuit, challenging the constitutionality of the State of Kansas's policy and practice of barring transgender persons from correcting the gender marker on their birth certificates. C.K. asserts that he lives a private life. He explains, the fact that he is transgender is not known publicly outside a limited number of people, mostly close and personal relationships. Otherwise, most people in his workplace and community do not know that C.K. is transgender. C.K. asserts

that his transgender status is sensitive and highly personal information. Also, he contends that disclosing his transgender status in public court records in a lawsuit asserting his constitutional rights (including the right to privacy) will expose him to the very harms he seeks to remedy and prevent in this lawsuit. And, C.K. argues, public disclosure of his transgender status will subject him to significant harm, including stigmatization, discrimination, harassment, and even violence. Thus, C.K. asserts that all three of *Raiser*'s exceptional circumstances exist here. And, he argues, the need for his anonymity outweighs the presumption of open court proceedings. The court agrees.

*First*, the disclosure of C.K.'s identity would reveal matters of a highly sensitive and personal nature, specifically C.K.'s transgender status and his diagnosed medical condition—gender dysphoria. Indeed, other courts have recognized the highly personal and sensitive nature of a person's transgender status and thus have permitted transgender litigants to proceed under pseudonym. *See, e.g.*, *Doe v. City of Detroit*, No. 18-cv-11295, 2018 WL 3434345, at *2 (E.D. Mich. July 17, 2018) (permitting a transgender plaintiff to proceed by pseudonym after concluding that plaintiff's transgender status "certainly qualifies as information of the utmost intimacy" (citation and internal quotation marks omitted)); *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 74 (D.R.I. 1992) (allowing transgender plaintiff to proceed pseudonymously because "[a]s a transsexual, plaintiff's privacy interest is both precious and fragile, and this Court will not cavalierly permit its invasion"); *Doe v. McConn*, 489 F. Supp. 76, 77 (S.D. Tex. 1980) (explaining that transgender plaintiffs were "suing under fictitious names . . . to protect their privacy").

*Second*, C.K. alleges that disclosing his transgender status will subject him to discrimination, harassment, and violence. The court finds C.K.'s fears are justified. *See*

*Whitaker ex rel. Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1051 (7th Cir. 2017) ("There is no denying that transgender individuals face discrimination, harassment, and violence because of their gender identity."); *see also F.V. v. Barron*, 286 F. Supp. 3d 1131, 1137 (D. Idaho 2018) ("Transgender people who present mismatched identification are verbally harassed, physically assaulted, denied service or benefits, or asked to leave the premises."); *Arroyo Gonzalez v. Rossello Nevares*, 305 F. Supp. 3d 327, 333 (D.P.R. 2018) (concluding that forced disclosure of a transgender person's status "exposes transgender individuals to a substantial risk of stigma, discrimination, intimidation, violence, and danger").

*Third*, C.K. asserts that disclosing his transgender status would cause him to sustain the injury that the litigation seeks to avert. Indeed, C.K. brings this lawsuit to challenge the constitutionality of the State of Kansas's policy and practice of barring transgender persons from correcting the gender marker on their birth certificates. And one of his claims is that the policy violates his right to privacy because it forces him to disclose his identity and transgender status. *See, e.g.*, Doc. 1 at 38 (Compl. ¶ 195). Thus, this suit seeks to vindicate C.K.'s right to privacy. Requiring C.K. to reveal his identity would cause him to sustain the very same injury—*i.e.*, a violation of his privacy.

*Last*, granting C.K. the relief sought by this motion will not prejudice defendants. C.K. recites that he does not seek to withhold his identity from defendants but only wishes to prevent disclosure of his identity in public documents. And defendants do not contest C.K.'s request to proceed by pseudonym.

### III. Conclusion

In sum, plaintiff C.K. has demonstrated that this is an exceptional case where the need for anonymity outweighs the public interest in disclosing plaintiff C.K.'s identity. The court thus permits plaintiff C.K. to proceed in this case by pseudonym.

**IT IS SO ORDERED**.

**Dated this 25th day of January, 2019, at Kansas City, Kansas.**

                                          **s/ Daniel D. Crabtree**
                                          **Daniel D. Crabtree**
                                          **United States District Judge**