(Rev. 12/1/15)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NYLA FOSTER, ET AL.**,

                Plaintiff(s),

v.                                      Case No. **18-2552-DDC-KGG**

**JEFF ANDERSEN, ET AL.**,

                Defendant(s).

## SCHEDULING ORDER

On February 12, 2019, in accordance with Fed. R. Civ. P. 16, the undersigned U.S. Magistrate Judge, conducted a scheduling conference in this case with the parties.[1] Plaintiff appeared through counsel, James D. Lawrence, Kara N. Ingelhart, and Omar Gonzalez-Pagan. Defendant appeared through counsel, Eugene Lueger.

After consultation with the parties, the court enters this scheduling order:

**1.**    **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court has determined that settlement of this case potentially would be enhanced by use of early mediation. Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

**February 22, 2019**.  Defendant must make a good-faith counter-proposal by **March 6, 2019**.  By **March 29, 2019**, <u>unless</u> the parties have jointly filed a notice stating the full name, mailing address, and telephone number of the person whom they have selected to serve as mediator, along with the firmly scheduled date, time, and place of mediation, each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge (but <u>not</u> the presiding U.S. District Judge).  These reports must briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations, the overall prospects for settlement, and a specific recommendation regarding mediation or any other ADR method.  If the parties cannot agree on a mediator and any party wishes the court to consider a particular mediator or other ADR neutral, then up to three nominations may be provided in the confidential settlement reports; such nominations must include a statement of the nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts.  These reports must <u>not</u> be filed with the Clerk's Office.

2.   **Discovery.**

    a.   The parties already have served their initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Fed. R. Civ. P. 26(a)(1).  In addition, such supplemental disclosures must be served in any event 40 days before the deadline for completion of all discovery.  The supplemental disclosures served 40 days before the deadline for completion of all

discovery must identify all witnesses and exhibits that probably or even might be used at trial.  The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires.  Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

      b.    All discovery in this case must be commenced or served in time to be completed by **August 1, 2019**.  Under recent amendments to the Federal Rules of Civil Procedure, the court respectfully reminds the parties and counsel that they are entitled to obtain pretrial discovery regarding any nonprivileged matter *provided* it's (a) relevant to a party's claim or defense, AND (b) proportional to the needs of this case.  Under Fed. R. Civ. P. 26(b)(1), whether any particular discovery request is proportional is to be determined by considering, to the extent they apply, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

      c.    If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served simultaneously by **May**

**31, 2019**; disclosures and reports by any rebuttal experts must be served by **June 21, 2019**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures.  These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony.  If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

      d.      The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

      e.      The court considered / resolved the following discovery problem(s) raised by one or more of the parties: None.

      f.      Consistent with the parties' agreements as set forth in their planning conference report, electronically stored information (ESI) in this case will be handled as follows:  All electronic databases that may include information relating to this matter will be preserved and archived.  Electronically stored information will be provided in .pdf searchable format assuming there are no convertibility issues.  Any documents produced, including e-mails, which are stored electronically, will be provided on a disc or other electronic means, as agreed to by the parties.  Prior to any significant costs or hours being

expended in the searching, scanning and formatting of the documents for production, the parties will discuss the request and attempt to limit costs and waste. If necessary, the parties shall attempt to reach an agreement as to the method of searching, such as the words, terms, phrases, and custodians to be searched. To minimize the expense, the parties will consider limiting the scope of the electronic search (e.g., time frames, fields, document types).

      g.    Consistent with the parties' agreements as set forth in their planning conference report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows: The inadvertent disclosure or production by the producing party of any material shall be without prejudice to any claim by the producing party that such material is protected by attorney client privilege or the work-product privilege. If, after such material is produced, a claim of privilege or work-product is subsequently made, the receiving party shall take reasonable steps to ensure that all known copies of such material are returned promptly to the producing party. If data or information has been extracted from material that is subsequently returned under this paragraph, to the extent possible, the information and/or data shall be expunged and not used by the receiving party. After return of such material, challenges to any claim of privilege or work-product may be submitted for resolution by the Court or by subsequent agreement of the parties. That determination shall be made without regard to the fact that such material was inadvertently disclosed. In addition, such material will not be subject

to production in any other proceeding by virtue of the fact that it has been inadvertently disclosed in this proceeding.

h. To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by parties and counsel in this case [e.g., the *Susman* pretrial [trial] agreements, available at *http://www.trialbyagreement.com*]:   None.

i. No party may serve more than 25 interrogatories, including all discrete subparts, on any other party.

j. No more than 5 depositions may be taken by plaintiff, and no more than 5 depositions may be taken by defendant.   Each deposition must be limited to 7 hours.   All depositions must be governed by the written guidelines that are available on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

k. Discovery in this case may be governed by a protective order.   If the parties agree concerning the need for and scope and form of such a protective order, they must confer and then submit a jointly proposed protective order by **February 15, 2019**.   This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*Guidelines for Agreed Protective Orders for the District of Kansas*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate

basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c).  A pre-approved form of protective order is available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

l. The parties do consent to electronic service of disclosures and discovery requests and responses.  See Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

m. The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.  Accordingly, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g).  Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it's certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.  If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation. Therefore, *before* the parties and counsel serve any discovery requests, responses, or

objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

**3.     Motions.**

a.     The parties have stipulated that no motions to dismiss will be filed in this case.

b.     Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **March 29, 2019**.

c.     All other potentially dispositive motions (e.g., motions for summary judgment), must be filed by **October 1, 2019**.  The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

d.     Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested.  Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good-faith dispute.   The parties should follow the summary-judgment guidelines available on the court's website:     *http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

e. All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by 42 days before trial.

f. If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge *before* filing such a motion. But such a conference is not mandatory.

g. Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection is waived. *See* D. Kan. Rule 37.1(b).

h. To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports. *See* D. Kan. Rule 26.4(c).

    i.  The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**4.  Pretrial Conference, Trial, and Other Matters.**

    a.  The parties agree that principles of comparative fault do <u>not</u> apply to this case.

    b.  Pursuant to Fed. R. Civ. P. 16(e), a pretrial conference is scheduled for **August 21, 2019 at 10:00 a.m.**; this pretrial conference may be conducted by telephone if the judge determines that the proposed pretrial order is in the appropriate format and that there are no other problems requiring counsel to appear in person.   Unless otherwise notified, the undersigned U.S. Magistrate Judge will conduct the conference.  No later than **August 14, 2019**, defense counsel must submit the parties' proposed pretrial order (formatted in Word or WordPerfect) as an attachment to an e-mail sent to *ksd_gale_chambers@ksd.uscourts.gov*.  The proposed pretrial order must <u>not</u> be filed with the Clerk's Office.  It must be in the form available on the court's website:

    *http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

    c.  The parties expect the court trial of this case to take approximately three trial days.  This case will be tried in Kansas City, Kansas.  This case is set for trial on the

court's docket beginning on **June 2, 2020 at 9:00 a.m**.  Unless otherwise ordered, this is not a "special" or "No. 1" trial setting.  Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin.  The trial setting may be changed only by order of the judge presiding over the trial.  The parties and counsel are advised that any future request for extension of deadlines that includes a request to extend the dispositive motion deadline will likely result in a new (i.e., later) trial date.

d. The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time, or as a backup if the assigned U.S. District Judge determines that his or her schedule is unable to accommodate the scheduled trial date.

e. This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public.  Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court.  The *Pillars of Professionalism* are available on this court's website: *http://ksd.uscourts.gov/wp-content/uploads/2018/01/2-15-13-Pillars-of-Professionalism.pdf*

This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

11

Dated February 12, 2019, at Wichita, Kansas.

                                                S/ KENNETH G. GALE
                                                KENNETH G. GALE
                                                U.S. Magistrate Judge

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | 2/22/2019 |
| Defendant's settlement counter-proposal | 3/6/2019 |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | 3/29/2019 |
| Mediation completed | |
| Supplementation of initial disclosures | 40 days before completion of discovery |
| All discovery completed | 8/1/2019 |
| Experts disclosed simultaneously | 5/31/2019 |
| Rebuttal experts disclosed | 6/21/2019 |
| Physical and mental examinations | n/a |
| Jointly proposed protective order submitted to court | 2/15/2019 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | |
| Motions to dismiss | n/a |
| Motions to amend | 3/29/2019 |
| All other potentially dispositive motions (e.g., summary judgment) | 10/1/2019 |
| Comparative fault identification | n/a |
| Status conference | |
| Proposed pretrial order due | 8/14/2019 |
| Pretrial conference | 8/21/2019 at 10:00 a.m. |
| Bench Trial | 6/2/2020 at 9:00 a.m. |