IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| NYLA FOSTER; LUC BENSIMON; JESSICA HICKLIN; C.K.; and KANSAS STATEWIDE TRANSGENDER EDUCATION PROJECT,<br><br>*Plaintiffs*,<br><br>v.<br><br>JEFF ANDERSEN, in his official capacity as Secretary of the Kansas Department of Health and Environment; ELIZABETH W. SAADI, in her official capacity as State Registrar for the State of Kansas; and KAY HAUG, in her official capacity as Director of Vital Statistics for the State of Kansas,<br><br>*Defendants*. | Civil Action No. 18-02552-DDC-KGG |

## [PROPOSED] CONSENT JUDGMENT

1.  *Whereas*, on October 15, 2018, Plaintiffs Nyla Foster, Luc Bensimon, Jessica Hicklin, and C.K., and the Kansas Statewide Transgender Education Project, a Kansas-based organization that represents transgender people and their families, filed a Complaint for Declaratory, Injunctive, and Other Relief against Defendants alleging that Kansas's Birth Certificate Policy, prohibits transgender people born in Kansas from obtaining birth certificates reflecting their true sex, consistent with their gender identity, violates, *inter alia*, Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment to the United States Constitution (Dkt. 1).

1

2. *Whereas*, a federal court has held that the State of Idaho "violate[d] the Equal Protection Clause by failing to provide an avenue for transgender people to amend the sex listed on their birth certificates." *F.V. v. Barron*, 286 F. Supp. 3d 1131, 1145 (D. Idaho 2018).

3. *Whereas*, a federal court determined that the Commonwealth of Puerto Rico's birth certificate policy, prohibiting transgender people born in Puerto Rico from obtaining birth certificates reflecting their true sex, consistent with their gender identity, "violate[d] transgender persons' decisional privacy and informational privacy" by forcing them to disclose their transgender status. *Arroyo Gonzalez v. Rossello Nevares*, 305 F. Supp. 3d 327, 333 (D.P.R. 2018). And that "[s]uch forced disclosure of a transgender person's most private information is not justified by any legitimate government interest." *Id*.

4. *Whereas*, the parties to this litigation desire to resolve the issues raised by Plaintiffs' Complaint and subsequent proceedings without the necessity of further litigation.

5. *Whereas*, the parties agree to jointly resolve this matter and consent to entry of the following final and binding consent judgment as dispositive of all issues raised in this case; and

6. *Whereas*, the parties intend this Consent Judgment to benefit all Kansans, including transgender people born in Kansas, and to be binding on Defendants unless and until modified by the Court on motion with proper cause shown under Federal Rule of Civil Procedure 60.

*Accordingly, it is hereby ordered, adjudged, and decreed:*

1. Kansas statutes and regulations hereinafter referred to as "Kansas's Birth Certificate Policy", which prohibits transgender people born in Kansas from obtaining birth certificates reflecting their true sex, consistent with their gender identity, violates the Equal

Protection Clause and the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

2. Defendants, their officers, employees, and agents; all persons acting in active concert or participation with any Defendant, or under any Defendant's supervision, direction, or control; and all other persons within the scope of Federal Rule of Civil Procedure 65, are permanently enjoined from enforcing the Birth Certificate Policy, and shall provide certified copies of birth certificates to transgender individuals that accurately reflect their sex, consistent with their gender identity, without the inclusion of information that would, directly or indirectly, disclose an individual's transgender status on the face of the birth certificate;

3. Defendants, their officers, employees, and agents; all persons acting in active concert or participation with any Defendant, or under any Defendant's supervision, direction, or control; and all other persons within the scope of Federal Rule of Civil Procedure 65, shall adopt and enforce a policy whereby a transgender person born in Kansas may obtain a certified copy of that person's birth certificate that reflects a change in sex designation, reflecting their true sex, consistent with their gender identity, by submitting a sworn statement requesting such change and accompanied by: (1) a passport that reflects the person's true sex; or (2) a driver's license that reflects the person's true sex; or (3) a certification issued by a healthcare professional or mental health professional with whom the person has a doctor-patient relationship stating that based on his or her professional opinion the true gender identity of the applicant and that it is expected that this will continue to be the gender with which the applicant will identify in the future.

4. The Kansas Department of Health and Environment's Office of Vital Statistics shall issue certified copies of birth certificates that reflect the change in sex designation to

plaintiffs Nyla Foster, Luc Bensimon, Jessica Hicklin, and C.K. that reflect their true sex, consistent with their gender identity, respectively.

5. The obligations and this Consent Judgment apply to and are binding upon the Defendants and any successors charged with enforcing laws regarding birth certificates.

6. The Parties shall bear their own costs of this action, including attorney's fees.

***IT IS SO ORDERED.***

Dated this \_\_\_ day of _____, 2019.

_____
United States District Judge