UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | |
|---|---|
| NYLA FOSTER,<br>LUC BENSIMON,<br>JESSICA HICKLIN,<br>C.K., and<br>KANSAS STATEWIDE<br>　TRANSGENDER PROJECT,<br><br>　　Plaintiffs,<br><br>　　　　v.<br><br>JANET STANEK, in her official capacity<br>　as Secretary of the Kansas Department of<br>　Health and Environment,<br>KAY HAUG, in her official capacity as<br>　State Registrar for the State of Kansas,<br>　and<br>JASON MATHEWSON, in his official<br>　capacity as Director of Vital Statistics for<br>　the State of Kansas,<br><br>　　Defendants. | Case No. 2:18-cv-02552-DDC-KGG |

**Unopposed Motion for Leave to File an *Amicus* Brief**

Kansas Governor Laura Kelly, by and through her undersigned counsel, respectfully moves this Court in accordance with D. Kan. Rules 7.1 and 15.1, for an order permitting the filing of an *amicus* brief in the above-captioned matter. Before this Court is the Kansas Attorney General's Motion for Relief from Judgment, ECF. No. 36, seeking modification of the Consent Judgment in this case, ECF. No. 33. Governor Kelly's position is that the Consent Judgment should not be modified. As required by D. Kan. Rule 15.1(a)(2), a copy of the Governor's proposed *amicus* brief is attached hereto as Exhibit 1. Undersigned counsel for Governor Kelly consulted with counsels for Plaintiffs and Defendants regarding the Governor's motion.

1

Plaintiffs consent to the motion, and Defendants do not object to the motion.

Movant Governor Laura Kelly was elected Governor of the State of Kansas in November of 2018, and reelected in November of 2022. *See, e.g*., Kansas Secretary Of State 2018 General Election Official Vote Totals, https://www.sos.ks.gov/elections/18elec/2018_General_Election_Official_Votes_Cast.pdf, (last visited July 5, 2023); *see also* Kansas Secretary Of State 2022 General Election Official Votes Totals, https://sos.ks.gov/elections/22elec/2022-General-Official-Vote-Totals.pdf, (last visited July 5, 2023). She is the duly elected and authorized head of the executive branch of the State of Kansas whose powers are vested by the Kansas Constitution and statutes. *See, e.g.,* Kan. Const. art. 1; *see also* Kan. Stat. Ann. § 75-101, et seq. Governor Kelly is vested with the supreme executive power of the State of Kansas, and she is responsible for the enforcement of the laws of the State of Kansas. Kan. Const. art. 1, § 3.

"Whether to permit a nonparty to submit a brief, as amicus curiae, is a matter within the sound discretion of the court." *Hammond v. City of Junction City, Kansas*, No. 00-2146-JWL, 2001 WL 1665374, at *1 (D. Kan. Dec. 17, 2001). Governor Kelly respectfully requests that this Court exercise its discretion and let her administration's voice be heard in this matter. As the constitutional head of the Executive Department, the Governor believes it is important for this Court to hear her argument and authorities as to why the Kansas Department of Health and Environment, an executive branch agency under the Governor's supervision and direction, can comply with both Senate Bill 180 and the Consent Judgment. And the Governor wishes to clarify that in Kansas, the Attorney General's advisory opinion does not constitute a "significant change" in controlling law. Further, the Governor wishes to explain that until there is an authoritative ruling on Senate Bill 180's legal impact, the Governor will continue to advance her interpretation of Senate Bill 180 that: 1) is consistent with the plain text of the statute; 2) complies with the Consent

Judgment; and 3) serves the interest of Kansans.

The Governor's proposed *amicus* brief in this case is appropriate because it provides a unique perspective from one of the heads of the three branches of Kansas Government concerning administration of a law directly affecting an agency under the Governor's control and supervision. Further, the Governor's proposed *amicus* brief would not overly duplicate legal arguments raised by the parties – for example, the argument that Senate Bill 180 represents the legislature's failure to correct constitutional deficiencies in Kansas's Birth Certificate policy will likely be adequately addressed by plaintiffs. The Governor's perspective is that of the supreme executive of the State of Kansas, and she will explain how Senate Bill 180 can be read in harmony with the Consent Judgment. Accordingly, the Governor will offer the perspective that Senate Bill 180 does not conflict with the Consent Judgment, and as the state of Kansas's supreme executive responsible for enforcement of the law of this state, the Governor will be able to ensure Defendants enforce Senate Bill 180 consistent with the Consent Judgment.

For the reasons set forth above, Governor Kelly respectfully requests this Court grant this motion and issue an order either deeming the Governor's *amicus* brief attached as Exhibit 1 as filed in the above-captioned matter; or permitting leave to file the *amicus* brief as a separate document.

Respectfully submitted this 12th day of July, 2023

s/ Justin Whitten
Justin Whitten
Bar #28344
Attorney for Governor Kelly
Office of the Governor
300 SW 10th Ave., Suite 541-E
Topeka, KS 66612
Phone: (785) 581-3419
Fax: (785) 296-7973
Email: Justin.h.whitten@ks.gov

                                                s/ Ashley Stites-Hubbard
                                                Ashley Stites-Hubbard
                                                Bar #27629
                                                Attorney for Governor Kelly
                                                Office of the Governor
                                                300 SW 10th Ave., Suite 541-E
                                                Topeka, KS 66612
                                                Phone: (785) 581-44001
                                                Fax: (785) 296-7973
                                                Email: ashley.stiteshubbard@ks.gov

4