ELECTRONICALLY FILED
2023 Jul 12 PM 1:53
CLERK OF THE SHAWNEE COUNTY DISTRICT COURT
CASE NUMBER: SN-2023-CV-000422
PII COMPLIANT



**Court:** Shawnee County District Court

**Case Number:** SN-2023-CV-000422

**Case Title:** State of Kansas
 vs.
David Harper Director of Vehicles, et al

**Type:** ORDER ON MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER

SO ORDERED.

/s/ Honorable Teresa L Watson, District Court Judge

Electronically signed on 2023-07-12 13:53:02     page 1 of 7

**EXHIBIT**

**A**

IN THE DISTRICT COURT OF SHAWNEE COUNTY, KANSAS
DIVISION THREE

STATE OF KANSAS, *ex rel.*
KRIS KOBACH, Attorney General,

                                            Petitioner

                                                                          Case No. SN-2023-CV-422

vs.

DAVID HARPER, Director of Vehicles,
Department of Revenue, in his official capacity, and
MARK BURGHART, Secretary of Revenue,
in his official capacity,

                                            Respondents

## ORDER ON MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER

The State of Kansas, *ex rel.* Kris Kobach, Attorney General, filed a Petition for Mandamus and Injunctive Relief relating to Senate Bill 180, recently enacted by the Kansas Legislature. SB 180 is also known as the Women's Bill of Rights. Along with the Petition, he filed a Motion for Temporary Restraining Order and Temporary Injunction and an Affidavit. The Court, pursuant to K.S.A. 60-903, granted the Attorney General's request for an *ex parte* temporary restraining order. Respondents thereafter filed a motion to dissolve the temporary restraining order. The motion to dissolve was argued to the Court, and for the reasons set forth below, the motion is denied.

SB 180 was adopted over the Governor's veto and became law on July 1, 2023. Section 1(a) says: "Notwithstanding any provision of state law to the contrary, with respect to the

1

application of an individual's biological sex pursuant to any state law or rules and regulations," an individual's sex means "biological sex, either male or female, at birth," and defines male and female. Section 1(c) says "any state agency, department or office . . . that collects vital statistics for the purpose of gathering accurate . . . data shall identify each individual who is part of the collected data set as either male or female at birth."

The Attorney General asserts that the Kansas Department of Revenue's Division of Vehicles ("Division") collects information about the sex of each person who applies for a driver's license. This information is retained in an agency database. Respondents counter that they collect information about "gender," not "sex." The Attorney General argues that "sex" and "gender" are interchangeable for purposes of driver's licensing statutes. K.S.A. 8-240(c) says that a driver's license application must state, among other things, the applicant's "gender." K.S.A. 8-243(a) states that a driver's license must indicate, among other things, the licensee's "gender." However, this information is displayed on the driver's license itself under the heading "sex."

The Attorney General asserts that the Division has in the past allowed applicants to obtain and/or change a license to include identifying information for sex other than "biological sex, either male or female, at birth," and that this practice has not ceased with the passage of SB 180. Respondents explain that the Division provided "guidance" outlined in an internal memo to driver's license examiners in 2011 regarding requests for gender reclassification on driver's licenses. The guidance document discusses reclassification based on a court order or a medical declaration from a licensed physician that "applicant has undergone the appropriate clinical treatment for change of sex or that the physician has re-evaluated the applicant and determined that gender reclassification based on physical criteria is appropriate."

2

Respondents acknowledge that the Division continued to handle reclassification of gender on driver's licenses according to the 2011 guidance document even after the passage of SB 180. Respondents' motion indicates that during a 3.5-year period from July 2019 to December 2022, there were 233 requests for such reclassifications statewide. In January 2023, there were two requests, and in June 2023, there were 172 requests in one month alone.

The Attorney General asserts that the Division's actions in allowing applicants to obtain and/or change a license to include identifying information for sex other than "biological sex, either male or female, at birth" on and after the effective date of SB 180 is a violation of law. The Attorney General filed his Petition for Mandamus and Injunctive Relief against the named Respondents to obtain the Division's compliance with SB 180.

K.S.A. 60-903(a) allows the Court to issue a temporary restraining order without notice or bond to the adverse party or its attorneys if specific facts show that immediate and irreparable injury, loss, or damage will result before the adverse party can be heard in opposition. The Attorney General points out that driver's licenses are issued for a period of six years and are difficult to take back or out of circulation once issued. Licenses are used by law enforcement to identify criminal suspects, crime victims, wanted persons, missing persons, and others. Compliance with stated legal requirements for identifying license holders is a public safety concern. In its initial order, this Court concluded that allowing Respondents to issue non-compliant driver's licenses pending a court hearing is an immediate and irreparable injury that supported the grant of a temporary restraining order on the terms requested by the Attorney General.

Respondents move to dissolve the temporary restraining order. The purpose of a temporary restraining order is to preserve the status quo pending a hearing on an application for

temporary injunction. *U.S.D. 503 v. McKinney,* 236 Kan. 224, 227, 689 P.2d 860 (1984). Respondents argue that the 2011 guidance document describes the "status quo" to be preserved. But this ignores the existence of SB 180, a law duly enacted by the Kansas Legislature effective July 1, 2023. The provisions of SB 180, not a 2011 agency guidance document, are the status quo here.

Respondents then argue that SB 180 does not apply to driver's licenses because it is a general law which is superseded by the specifics of K.S.A. 8-240(c) and K.S.A. 8-243(a). Section 1(a) of SB 180 states: "Notwithstanding any provision of state law to the contrary, with respect to the application of an individual's biological sex pursuant to *any state law* or rules and regulations," an individual's sex means "biological sex, either male or female, at birth," and defines male and female. (Emphasis added.) The phrase "any state law" makes clear that the provisions of SB 180 apply to the driver's license statutes at issue here. Respondents follow up with the notion that SB 180 does not apply because it speaks in terms of "sex" and not "gender," the term used in K.S.A. 8-240(c) and K.S.A. 8-243(a), and the two are not interchangeable. But this argument is undercut by the fact that "gender" information gleaned by the Division under these two statutes is displayed on a state-issued driver's license under the heading "sex." In the context of driver's licenses, the terms appear to be interchangeable.

Respondents in their motion urged this Court to apply a five-factor test usually associated with analysis of a temporary injunction. The parties have signaled their desire for an opportunity for further briefing and presentation of evidence at a temporary injunction hearing. At this stage, the Court has before it only Respondents' motion to dissolve an existing temporary restraining order. As Respondents admitted at the hearing, the five-factor test does not apply here.

4

The requirements for a temporary restraining order are set out in K.S.A. 60-903. Respondents argue that there was no showing of immediate and irreparable injury, loss, or damage that would occur before the adverse party could be heard in opposition. The Court reiterates its conclusion as stated in the temporary restraining order. Driver's licenses are issued for a period of six years and are difficult to take back or out of circulation once issued. Licenses are used by law enforcement to identify criminal suspects, crime victims, wanted persons, missing persons, and others. Compliance with stated legal requirements for identifying license holders is a public safety concern. Allowing Respondents to issue non-compliant driver's licenses pending a court hearing is an immediate and irreparable injury. The immediacy is supported by information from Respondents that in the month of June 2023 alone, there were 172 requests for gender reclassification on driver's licenses.

For the reasons set forth above, Respondents' motion to dissolve the temporary restraining order is denied. The parties are directed to confer and submit a proposal to the Court for necessary deadlines related to the temporary injunction hearing and dates for the hearing itself. On or before July 14, 2023, the parties will contact Division 3 to arrange a telephone scheduling conference to discuss the parties' proposal.

This order is effective on the date and time shown on the electronic file stamp.

IT IS SO ORDERED.


                                            HON. TERESA L. WATSON
                                            DISTRICT COURT JUDGE

6

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the above document was filed electronically providing notice to counsel of record.

                /s Angela Cox
                Administrative Assistant