IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **NYLA FOSTER, et al.,** | |
| **Plaintiffs,** | |
| v. | Case No. 18-2552-DDC-KGG |
| **JANET STANEK, in her official capacity as Secretary of the Kansas Department of Health and Environment, et al.,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Years ago, the parties to this action agreed that the court should end this case with a consent judgment. The court obliged, entered the parties' proposed consent judgment, and closed the case. But eventually, defendants no longer consented to the consent judgment. So, they filed a motion for relief under Fed. R. Civ. P. 60(b)(5), asking the court to modify the consent judgment. Doc. 36. The court granted the motion in a Memorandum and Order dated August 31, 2023. Doc. 47. Now the court must decide whether granting the Rule 60(b)(5) motion requires the court to enter an amended judgment.

Defendants answer no. They have filed a "Motion to Close Case Without Separate Judgment" (Doc. 49), asserting that the court's Memorandum and Order granting the motion for relief from the consent judgment suffices, and the court thus need not enter an amended judgment. The court, as explained below, disagrees, and denies defendants' motion.

### I. Background

The substance of this case's claims doesn't matter to this Memorandum and Order's purpose, so the court recounts only the relevant procedural background. Plaintiffs filed this suit on October 15, 2018. Doc. 1. On June 21, 2019, the parties filed a Joint Motion for Entry of

Consent Judgment. Doc. 31. They also submitted a Proposed Consent Judgment. Doc. 32. The court adopted the Proposed Consent Judgment and entered it as a Consent Judgment on June 21, 2019. Doc. 33.

On June 23, 2023, defendants filed a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(5). Doc. 36. Defendants asked the court—and this part is important—to "modify the judgment in this case to remove those portions with prospective application[.]" *Id.* at 1. Specifically, defendants asked the court to remove paragraphs 2, 3, and 5 of the Consent Judgment. *Id.* The court granted this motion in a Memorandum and Order dated August 31, 2023. Doc. 47.

That same day, the court e-mailed the parties, asking them to confer and perhaps agree on a form of judgment. On September 13, 2023, plaintiffs' counsel responded via e-mail. They reported that they conferred with defense counsel, but all parties were "unsure exactly what the Court is seeking in this regard[.]" Counsel sought "further guidance from [the court] on the form and substance of the proposed judgment." The court responded the next day, explaining that, in the court's view, it must enter a modified judgment after granting the Rule 60(b)(5) motion. Still, the parties submitted nothing and so, the court followed up via e-mail on September 25, 2023. Plaintiffs' counsel responded that same day and explained that "defendants have sent plaintiffs draft language that" plaintiffs' counsel was reviewing. After another week or so of silence, on October 4, 2023, the court set a status conference in the case for October 11.[1] Doc. 48. That same day, October 4, defendants filed a "Motion to Close Case Without Separate Judgment." Doc. 49.

---

[1] At this October 11, 2023, status conference, plaintiffs informed the court that they don't oppose defendants' "Motion to Close Case Without Separate Judgment."

Defendants' motion argues the court doesn't need to enter an amended judgment. In defendants' view, the court's August 31 Memorandum and Order will suffice, and the case doesn't require an amended judgment. While the issue about an amended judgment—or not—might seem like an issue important only to civil procedure enthusiasts, it may have consequences.

If plaintiffs' appeal clock started on August 31—when the court entered its Memorandum and Order—then they're out of time to appeal. *See* Fed. R. App. P. 4(a)(1)(A). But, if plaintiffs' appeal clock started when the court entered judgment, then the clock hasn't started to run. After all, the court—despite its efforts to resolve this issue informally and quickly—hasn't entered an amended judgment yet. So, the question is whether the court's grant of defendants' Rule 60(b)(5) motion to modify the consent judgment requires a separate document—an amended judgment. The court analyzes this question, next.

## II.     Analysis

The Federal Rules of Civil Procedure address judgments. Start with Rule 54, which defines a "judgment." A judgment "includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54. Rule 58 governs a judgment's entry. Subpart (a) of this rule requires that every "judgment and amended judgment must be set out in a separate document[.]" This is the so-called "separate document" rule. *See In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir. 2008). But Rule 58(a) also has some exceptions: "a separate document is not required for an order disposing of a motion . . . for relief under Rule 60." Fed. R. Civ. P. 58(a)(5).

Defendants' motion argues that this exception controls here. In their view, "disposing of a motion" includes granting a Rule 60 motion. That is, the court's August 31 Memorandum and Order "disposed of"—*i.e.*, granted—defendants' Rule 60 motion. So, according to defendants, Rule 58(a)(5) applies, and no separate document is required. The court respectfully disagrees.

3

The Tenth Circuit hasn't addressed this question but, fortunately, other courts have. Their rulings address Rule 58's separate document rule in the Rule 59 context. Specifically, Rule 59(e) authorizes motions to alter or amend judgments, but limits them to motions filed within 28 days after the judgment's entry. And Rule 58(a)'s exceptions to the separate document rule include an exception for Rule 59 motions as well. That is, Rule 58 requires that "every judgment and amended judgment must be set forth on a separate document" but doesn't require a separate document for "an order disposing of a motion . . . to alter or amend the judgment, under Rule 59."

The Seventh Circuit has identified a tension inherent in Rule 58. *Emps. Ins. of Wausau v. Titan Int'l, Inc.*, 400 F.3d 486, 489 (7th Cir. 2005) (Posner, J.). "Rule 58 requires, as we know, that every amended judgment be set forth on a separate document[.]" *Id.* But Rule 58(a) creates exceptions for orders "disposing" of motions under Rule 50(b), Rule 52(b), Rule 54, Rule 59, and Rule 60. *See* Fed. R. Civ. P. 58(a)(1)–(5). The Seventh Circuit has expressed "concern[] that the great majority of amended judgments would come about as a result of motions made under the various rules identified in Rule 58(a)." *Kunz v. DeFelice*, 538 F.3d 667, 673 (7th Cir. 2008) (citing *Titan*, 400 F.3d 486). In short, the Seventh Circuit worried that the exceptions recognized in Rule 58(a)(1)–(5) someday might swallow the separate document rule in Rule 58(a).

The Seventh Circuit also determined that the "only way to reconcile the requirement that an amended judgment be set forth in a separate document with the exception to that requirement for an order disposing of a Rule 59(e) motion is by reading 'disposing of a motion' as 'denying a motion.'" *Titan*, 400 F.3d at 489. The Seventh Circuit explained that this "reading is supported, though muddily, by the Committee Note to the 2002 Amendment to Rule 58." *Id.* This

4

Committee Note provides that "if disposition of the motion results in an amended judgment, the amended judgment must be set forth on a separate document." Fed. R. Civ. P. 58 advisory committee's note to 2002 amendment. The Seventh Circuit acknowledged that "[g]ranting a motion is one way of 'disposing' of it, but when a motion to amend a judgment is granted, the result is an amended judgment[.]" *Titan*, 400 F.3d at 489. Thus Rule 58 "becomes incoherent if 'disposing' is read literally, for then the order granting the motion both is, and is not, an order required to be set forth in a separate document." *Id.* And, of course, "[n]onsensical, or as here logically impossible, interpretations of statutes, rules, and contracts are unacceptable." *Id.* (citations omitted).

Other courts have followed the Seventh Circuit's rule that "disposes of" means "denies" and Rule 58 thus requires a separate document—an amended judgment—when the district court grants a Rule 59 motion to alter or amend judgment. *Heck v. Triche*, 775 F.3d 265, 277, 277 n.12 (5th Cir. 2014) (citing *Titan*, 400 F.3d at 489) (concluding that district court order granting Rule 59(e) motion wasn't the final judgment); *LeBoon v. Lancaster Jewish Cmty. Ctr. Assoc.*, 503 F.3d 217, 223–24 (3d Cir. 2007) (citing *Titan*, 400 F.3d at 489) (concluding that—where lower court had granted summary judgment, then vacated that summary judgment order, and then granted summary judgment a second time—order granting second summary judgment was subject to separate document rule of Rule 58); *Janky v. Farag*, No. 3:05 cv 217, 2007 WL 1832118 at *2 (N.D. Ind. June 25, 2007) ("Under [*Titan's*] interpretation, an order granting a motion to amend the judgment creates the need to set forth the judgment on a separate document, which in turn determines when the 30 days in which an appeal may be filed commences.").

In the court's view, the Seventh Circuit's reasoning in *Titan* applies with equal force to motions made under Rule 60. Indeed, the Eleventh Circuit has implied that *Titan* applies in the

Rule 60 context. *Suite 225, Inc. v. Lantana Ins. Ltd.*, 625 F. App'x 502, 507 (11th Cir. 2015) (citing *Titan*, 400 F.3d at 489) (concluding that time to appeal district court's grant of Rule 60(b)(3) motion began when district court entered new judgment after granting Rule 60(b)(3) motion). *Titan*'s concerns that Rule 58(a)'s exceptions might swallow its general, separate document rule apply equally to the Rule 60 context because granting a Rule 60 motion could produce an amended judgment. This case is a prime example. Indeed, even defendants' Rule 60(b)(5) motion itself asked the court to "*modify* the judgment in this case[.]" Doc. 36 at 1 (emphasis added). So, the court's Memorandum and Order granting that motion modified—it amended—the Consent Judgment. "And if the disposition of the motion results in an amended judgment, the amended judgment must be set forth on a separate document." Fed. R. Civ. P. 58 advisory committee's note to 2002 amendment. The court thus concludes that this case warrants an amended judgment and even requires one. So, the court denies defendants' motion (Doc. 49) to close the case without one.

*Titan* doesn't provide the only reason to enter an amended judgment. Pragmatic considerations embraced by Rule 1 of the Federal Rules of Civil Procedure also support the court's conclusion that it should enter an amended judgment here. *See* Fed. R. Civ. P. 1 (requiring the court to employ the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding"). Defendants acknowledge that there's no Tenth Circuit precedent governing this decision. At bottom, the court has discretion. *See* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2871 (3d ed. 2023) ("*If* . . . the court grants the [Rule 60(b)] motion and enters a new judgment, the time for appeal will date from the entry of that judgment." (emphasis added)); *Baca v. Berry*, 806 F.3d 1262, 1269–70 (10th Cir. 2015) ("'[I]t is well settled that the district court has the power . . . to

control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants.'" (quoting *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963))). So, even if Rule 58 doesn't require the court to enter an amended judgment, the court believes this case warrants one.

An amended judgment "clarifies what the ultimate result is, benefiting both the parties (for purposes of enforcement and clarity of legal obligation) and the judicial system (for providing a clear time period for taking an appeal)." *Kunz*, 538 F.3d at 673. An amended judgment also allows a stranger to the case to rely on the case's most recent judgment to determine the case's outcome without reading all the orders in the action. To this end, the court next considers what the amended judgment in this case should look like.

The parties e-mailed the court a mutually agreeable Proposed Modified Judgment. Defendants' motion notes that they submitted the Proposed Modified Judgment under protest—a protest based on their view that the court need not enter an amended judgment. Doc. 49 at 3. In any event, the Proposed Modified Judgment is terse—too terse, the court concludes. It provides, in its entirety, "Judgment is hereby entered for Plaintiffs in accordance with the Court's June 21, 2019, order (ECF No. 33), as modified by its August 31, 2023, order (ECF No. 47)." This doesn't serve the purpose for the amended judgment in this case: clarity without having to read other documents.

Instead, the court enters its own amended judgment to accompany this Memorandum and Order. The amended judgment is the parties' original Consent Judgment, retitled "Amended Judgment." It reflects the evolution from Consent Judgment to Amended Judgment, striking through the three paragraphs that the court's August 31 Memorandum and Order eliminated.

This amended judgment achieves the court's desired outcome: clarity in one place, in a "separate document."

### III. Conclusion

For the reasons explained above, the court denies defendants' "Motion to Close the Case Without Separate Judgment" (Doc. 49). And it enters an amended judgment, filed contemporaneously with this Memorandum and Order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to Close Case Without Separate Judgment (Doc. 49) is denied.

**IT IS SO ORDERED.**

**Dated this 20th day of October, 2023, at Kansas City, Kansas.**

<u>/s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**